UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR L. WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 26-cv-03674-KAW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 10 |

On April 28, 2026, Plaintiff Victor L. Washington filed the instant case against Defendants, alleging violations of the RICO Act. (Compl., Dkt. No. 1.) On May 14, 2026, Plaintiff filed a motion to amend his complaint to "add six (6) additional predicate acts discovered in April 2026[.]" (Mot. to Amend, Dkt. No. 10.) Plaintiff attached a proposed "Second Amended Complaint" and "Third Amended Complaint." (*See* Dkt. Nos. 10-1, 10-2.)

As an initial matter, the Court notes that although Plaintiff asks to file a second amended complaint, there does not appear to be a first amended complaint on the docket. Rather, it appears the only complaint on the docket is the initial complaint filed on April 28, 2026.

Per Federal Rule of Civil Procedure 15, a party may amend a pleading without leave of court within "21 days after serving it." Plaintiff purportedly served the complaint on April 29, 2026. (*See* Dkt. No. 7.) As Plaintiff filed the motion to amend on May 14, 2026 -- fewer than 21 days after service -- Plaintiff did not require leave of court to file his amended complaint. Under such circumstances, courts have granted motions to amend, treating the motion as the plaintiff's amendment as a matter of course. *See Rodriguez v. Momdoc*, No. CV-25-02232-PHX-JAT, 2025 U.S. Dist. LEXIS 229241, at *1-2 (D. Ariz. Nov. 21, 2025); *Sutton v. Hope*, No. C26-1131-KKE, 2026 U.S. Dist. LEXIS 95651, at *3 (W.D. Wash. Apr. 30, 2026).

United States District Court
Northern District of California

Accordingly, the Court GRANTS Plaintiff's motion to file an amended complaint. Plaintiff shall file his amended complaint within **14** days of the date of this order, and the amended complaint shall be clearly labeled as the first amended complaint.  Plaintiff is advised that the first amended complaint will supersede the operative complaint, which means that the first amended complaint must be complete in and of itself without reference to any prior pleading.  In granting the motion, the Court does not determine whether the complaint has merit.  *See Thompson v. Schobelock*, No. 24-cv-357-MMA-DDL, 2025 U.S. Dist. LEXIS 142951, at *2 (S.D. Cal. July 25, 2025) ("When the plaintiff has the right to file an amended complaint as a matter of course, the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility.").  Further, to the extent Plaintiff requests that the Court order Defendants to file a responsive pleading within twenty-one days, Plaintiff is responsible for serving the first amended complaint and summons on Defendants.  In turn, the deadline for Defendants to respond is dependent on the service deadline.  The Court also notes that there does not appear to be a valid summons on the complaint, and service of the case is not complete without an adequate summons.  (*See* Dkt. No. 2 (indicating that the summons was withdrawn and invalidated).)

IT IS SO ORDERED.

Dated: June 16, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2